IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 MAR -7 A II: 19

YVENEL MATHIEU,

  Petitioner,

vs.

JOSE M. VAZQUEZ,

  Respondent.

CIVIL ACTION NO.: CV206-285

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Yvenel Mathieu ("Mathieu"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Mathieu has responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Following a jury trial, Mathieu was convicted in the Middle District of Florida of seven counts of conspiracy and drug-related charges, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Mathieu was sentenced to 151 months' imprisonment and 96 months' supervised release. Mathieu filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentence. United States v. Mathieu, 90 Fed. Appx. 386 (Table) (11th Cir. 2004).

Mathieu filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the District Court for the Middle District of Florida, and that court

AO 72A
(Rev. 8/82)

denied his motion. In so doing, the Florida court found Mathieu's claim that his counsel was ineffective for failing to raise on appeal an Apprendi[1]-based claim to be without merit. Mathieu filed a motion for relief from judgment pursuant to FED. R. CIV. P. 60(b) and raised a claim regarding his sentence pursuant to United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). The District Court for the Middle District of Florida dismissed this motion as being a successive § 2255 motion and because Mathieu did not satisfy the savings clause of section 2255. (Mot., pp. 2-3.)

In the instant motion, Mathieu asserts he should have been sentenced to 78-97 months' imprisonment rather than the 151 months' imprisonment he received. Mathieu contends the United States Sentencing Guidelines were unconstitutionally applied to him, as he received a sentence much higher than the jury verdict reflects he should have received.

Respondent avers that Mathieu's petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Mathieu has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that Apprendi, Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and Booker do not apply retroactively to cases on collateral review. (Mot., p. 6.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2]

Mathieu has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because section 2241 erects "barriers rather than provide[s] the necessary opportunity of a jurisdictional basis for the redress of an illegal sentence." (Pet., p. 3.) Mathieu also asserts the savings clause does not allow a petitioner to attack an illegal sentence when an act of Congress has been declared unconstitutional. Mathieu further asserts his claims are barred by the doctrine of res judicata because he has raised these claims on prior occasions. Finally, Mathieu asserts Congress was not in session when section 2255 was passed into law.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Mathieu bases the claims set forth in his petition on the Supreme Court's decisions in Apprendi, Blakely, and Booker.[3] However, the Supreme Court has not

---

[3] The undersigned recognizes Mathieu's assertion that his claims are based on Jones v. United States, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999), and not Apprendi, Blakely, and Booker. The

made its decisions in Apprendi, Blakely, or Booker retroactively applicable to cases on collateral review so as to allow the filing of a second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Moreover, to allow Mathieu to have his requested relief pursuant to the holdings of these cases would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). In addition, the Eleventh Circuit Court of Appeals has determined that Booker, which applies the holding of Blakely to the federal sentencing guidelines, does not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). Moreover, the Eleventh Circuit has specifically held that Apprendi does not apply retroactively in the context of a section 2241 petition. Dohrmann v. United States, 442 F.3d 1279, 1281 (11th Cir. 2006).

Additionally, Mathieu has failed to show he was convicted of a nonexistent offense based on a Supreme Court decision. Finally, Mathieu has not established that circuit law foreclosed his claims on earlier occasions. In fact, Mathieu has made, unsuccessfully, the same claims in his previously filed post-conviction motions as he does in the instant petition; he admits to this in his petition. (Pet., p. 4.) Simply because the trial court denied Mathieu's previously filed motions does not render section 2255's remedy inadequate or ineffective. Mathieu has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244.

Mathieu cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's

---

Jones decision is of no assistance to Mathieu, as his claims based on this decision are no different than claims based on the decisions in Apprendi and its progeny.

restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Mathieu is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 4) be **GRANTED** and Mathieu's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of March, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE